**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alphatine Garnes,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Vitalant,<br><br>　　　　　Defendant. | No. CV-19-04857-PHX-DWL<br><br>**ORDER** |

In this action, Plaintiff Alphatine Garnes ("Plaintiff") has asserted claims against her former employer, Defendant Vitalant f/k/a Blood Systems, Inc. ("Defendant"), for violating Title VII of the Civil Rights Act of 1984 (Counts I-II) and the Americans with Disabilities Act (Count III). (Doc. 1.) Among other things, the complaint alleges that the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter to Plaintiff on April 18, 2019 but Plaintiff didn't receive the letter until May 3, 2019. (*Id.* ¶¶ 32-33.) If this chronology were accurate, it would mean that the date on which Plaintiff initiated this action, July 31, 2019, was 89 days after she received the right-to-sue letter.

Several months ago, Plaintiff's counsel moved to withdraw "because irreconcilable differences have arisen between lawyer and client regarding case strategy and because of concerns under ER 1.16(a)(1)." (Doc. 34.) The withdrawal motion was properly served on Plaintiff and, after Plaintiff failed to respond in the time permitted by this Court's rules, it was granted. (Doc. 36.)

Separately, Defendant has now filed a motion for summary judgment. (Doc. 35.)

Due to the withdrawal of Plaintiff's counsel, the Court afforded extra time for Plaintiff to respond to Defendant's motion (Doc. 36), but the extra time has expired and Plaintiff still has not responded.

Although Defendant's summary judgment motion is unopposed, this doesn't mean it may automatically be granted. As the advisory committee notes to Rule 56 explain, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." This is because, "under the summary judgment standard, if the moving party fails to meet its initial burden of production, the opposing party need not produce anything." *Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1181 (D. Ariz. 2016). Thus, an "opposing party's failure to respond to a fact asserted in" a summary judgment motion simply "permits a court to consider the fact undisputed for purposes of the motion." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir.2013) (internal quotation marks omitted).

Here, Defendant argues it is entitled to summary judgment for several reasons, including that Plaintiff's action is time-barred. (Doc. 35 at 8-9.) Specifically, Defendant argues that Plaintiff received the EEOC's right-to-sue letter within three days of when it was issued on April 18, 2019 (and not on May 3, 2019, as alleged in the complaint), which means that by the time Plaintiff filed this action on July 31, 2019, the 90-day limitations period had expired. (*Id.*)

The Court agrees that Defendant is entitled to summary judgment on this basis. Because Plaintiff did not respond to Defendant's motion, the Court may accept as "undisputed" Defendant's factual assertion that Plaintiff received the right-to-sue letter by no later than April 21, 2019. *Heinemann*, 731 F.3d at 917.[1] This was more than 90 days before Plaintiff initiated this action. Accordingly, this action is time-barred. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) ("Title VII

---

[1] The materials attached to Defendant's motion also support this conclusion. Those materials reveal that, during her deposition in this case, Plaintiff acknowledged that the right-to-sue letter bore a mailing date of April 18, 2019 and then answered "Yes" when asked: "Did you receive this shortly after that?" (Doc. 35-1 at 77.)

provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action. . . . [T]his ninety-day period operates as a limitations period. . . . We measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record."). Given this conclusion, there is no need to address Defendant's other summary judgment arguments.

Accordingly,

**IT IS ORDERED** that:

(1)   Defendant's motion for summary judgment (Doc. 35) is **granted**.

(2)   The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 20th day of November, 2020.

_____
Dominic W. Lanza
United States District Judge